UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER BECK,   3:18-cv-1644-JR

  Plaintiff,

  ORDER

v.

UNITED STATES FOOD and DRUG
ADMINISTRATION, LABCORP SEATTLE,
QUEST DIAGNOSTICS,

  Defendants.

RUSSO, Magistrate Judge:

Pro se plaintiff, Christopher Beck, brings this action alleging privacy concerns and retention of his blood knowing it can be "synthesized then doctored to make a child." Complaint (#2) at p.4. Plaintiff also alleges he attempted to get his records released to no avail, however, those same records were released to governmental entities. Id. On September 17, 2018, the court granted plaintiff's application to proceed *in forma pauperis* (IFP).

The court should dismiss, at the earliest practical time, certain IFP actions that fail to state

Page 1 - ORDER

a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

Plaintiff asserts diversity jurisdiction in his complaint. Complaint (#2) at p.1. However, plaintiff also alleges he is an Oregon citizen and it is unclear if Quest Diagnostics is also an Oregon citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332 (federal courts have original jurisdiction in civil actions where amount in controversy exceeds $75,000 and the action lies between citizens of different states).

Construing the complaint liberally, it cannot be determined if plaintiff has alleged a cognizable claim upon which to assert federal question jurisdiction. See 28 U.S.C. § 1331 (federal courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States). With respect to the federal defendant, the complaint implicates the Freedom of Information Act (FOIA), 5 U.S.C. § 522; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346; and the Privacy Act, 5 U.S.C. § 552a.

The elements of a FOIA claim are (1) improperly; (2) withheld; (3) agency records. Dunn v. Haag, 2017 WL 818863, at *3 (N.D. Cal. Mar. 2, 2017), appeal dismissed, No. 17-15510, 2017 WL 4216889 (9th Cir. Aug. 15, 2017). It is unclear what agency records requests plaintiff may have made and whether such records were improperly withheld. Moreover, courts generally require exhaustion of administrative remedies before bringing a FOIA claim. Andrus v. United States Dep't of Energy, 200 F. Supp. 3d 1093, 1101–02 (D. Idaho 2016) (exhaustion allows the agency to

"exercise its discretion and expertise and the opportunity to make a record for the district court to review.").

The FTCA waives the United States' sovereign immunity for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471 (1994). The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his or her office or employment. 28 U.S.C. § 1346(b)(1).

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977) ).

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Exhaustion must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

To establish liability under the Privacy Act, plaintiff must establish the following elements: (1) that the disclosed information is a "record" contained within a "system of records;" (2) that the agency improperly disclosed the information; (3) that the disclosure was "willful or intentional;" and (4) that the disclosure had an adverse effect on plaintiffs. See Quinn v. Stone, 978 F.2d 126, 131 (3d

Cir. 1992).

Similar to a FOIA claim, it appears that exhaustion is not a jurisdictional requirement for a Privacy Act claim, but necessary as a practical matter:

> the Ninth Circuit has refused to consider whether a district court properly dismissed a Privacy Act claim for failure to exhaust because "even in the absence of an explicit exhaustion requirement, a district court may in its discretion require such exhaustion." Buckley v. Schaul, 135 Fed.Appx. 960, 960 (9th Cir. 2005) (citing Southeast Alaska Conservation Council, Inc. v. Watson, 697 F.2d 1305, 1309 (9th Cir. 1983)).

Demoruelle v. Dep't of Veterans Affairs, 2017 WL 2836989, at *7, n. 7 (D. Haw. June 30, 2017).

> To properly exhaust administrative remedies, a plaintiff must submit a Privacy Act request to the agency and seek review within the agency under the agency's regulations. See 5 U.S.C. § 552a(e)-(f) (requiring covered agencies to establish regulations governing such requests); Thorn v. Social Sec. Admin, Civil Action No. 04-1282, 2005 WL 1398605, at *3 (D.D.C. June 11, 2005).

Mulhern v. Gates, 525 F. Supp. 2d 174, 183 (D.D.C. 2007).

Plaintiff's complaint, as currently pleaded, is insufficient to allege a FOIA, FTCA, or Privacy Act claim. In addition, it is unclear what role the other defendants played in the harms allegedly suffered by plaintiff and what causes of action plaintiff intends to allege against those defendants.

Finally, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. As noted, the complaint fails to identify a specific civil cause of action or to allege facts demonstrating entitlement to relief based on any cause of action over which this court has jurisdiction. Accordingly, the complaint must be dismissed for failure to state a claim for relief.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Plaintiff is allowed 14 days from the date of this order to file a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and otherwise demonstrates subject matter jurisdiction if possible.

The failure to file an amended complaint as ordered will result in the dismissal of this action.

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint within 14 days from the date of this order.

DATED this 26th day of September 2018.

    /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge