UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTOPHER BECK,                                            3:18-cv-1644-JR

                              Plaintiff,                              ORDER

            v.

UNITED STATES FOOD & DRUG
ADMINISTRATION, UNITED STATES
PATENT & TRADEMARK OFFICE, QUEST
DIAGNOSTICS CORPORATION,
LABORATORY CORPORATION OF
AMERICA, UNITED STATES
DEPARTMENT OF HEALTH & HUMAN
SERVICES,

                              Defendants.

RUSSO, Magistrate Judge:

        Pro se plaintiff, Christopher Beck, initiated this action on September 6, 2018 alleging privacy

concerns and retention of his blood alleging it can be "synthesized then doctored to make a child."

Complaint (doc. 2) at p.4.   Plaintiff also alleged he attempted to get his "records released to no

avail," but that those same records were actually and improperly "released to governmental entities."

Id.  On September 17, 2018, the court granted plaintiff's application to proceed *in forma pauperis* (IFP).  On September 26, 2018, the court dismissed the complaint with leave to amend to cure various deficiencies.  Order (doc. 7).

On September 28, 2018, plaintiff filed an amended complaint (doc. 9).  On October 10, 2018, plaintiff filed a second amended complaint (doc. 11) which is now the operative complaint.

On January 24, 2019, defendant Quest Diagnostics Corporation moved to dismiss plaintiff's action and on February 1, 2019, defendant Laboratory Corporation of America joined in the motion. The Court granted the motion and on May 15, 2019, dismissed defendants Quest Diagnostics Corporation and Laboratory Corporation of America (doc. 53).  Accordingly, the only remaining defendants are the United States Food and Drug Administration, the United States Patent and Trademark Office, and the United States Department of Health and Human Services.  The federal defendants have not yet appeared in this action.

On June 17, 2019, and June 25, 2019, the Court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to follow a court order  (docs. 54, 56).

Plaintiff has since filed  motions for summary judgment and for default judgment (docs. 57, 59), and a response to the order to show cause (doc. 60).

As previously noted, the amended complaint is difficult to decipher.  With respect to defendant United States Patent and Trademark Office, there is a reference to "violation of Title 5 and 17 of the United States codes and regulation." Amended complaint (doc. 11) at p. 5.  Plaintiff also alleges the use of his "genetic information without consent" leading to "discovery of new medicine that can and will be used toward cures of immunological disorders that are commonly known as incurable."  Id.

Plaintiff asserts defendants Laboratory Corporation and Quest Diagnostics received his blood for testing, but "did not follow procedures of disposal [and] instead sold my blood and coinciding DNA to other governmental agencies such as the FDA & USPTO." Id. at p. 6. Plaintiff alleges, "via certification of patent products; stakeholders of my genealogy sold my property without consent or agreement and binding contract at which is against the law that is subject to conviction of capital offenses." Id.

Finally, against defendant United States Department of Health and Human Services, plaintiff asserts:

> Because of United States privacy policy breach of my personal/confidential and identifying information given through Freedom of Information act requests of high volume due to being the known case project-subject, actual damages in liquid money was taken through abundant fraudulent transaction, I was an example of humiliation at Portland Community College, I was stalked by under-cover vehicles with government license plates, and saw people on many occasions enter my vehicle and place moss-like material and/or liquid substances inside my car that was contributing evidence to the chronic infestations of lice, scabies, or pediculosis I never got rid of with regard to countless treatments of prescription medicine that I paid for costing thousands of dollars. With research, I found information regarding the transmissions of answers for things I could not explain but still suffer from.

Id. at p. 8.

Given the current state of the record and arguably frivolous allegations, summary judgment is not appropriate.[1] However, the court need not evaluate the merits of plaintiff's motion for summary judgment because plaintiff has failed to properly serve the remaining defendants, negating their ability to answer the complaint.

Plaintiff also moves for default against the remaining federal defendants asserting lack of responsive pleading. In his response to the order to show cause, plaintiff relies on his motion for

---

[1]Moreover, the motion for summary judgment is based, in part, on the failure of the government to respond which, as noted *infra,* is due to improper service by plaintiff.

default judgment asserting the government agencies have yet to respond despite confirmation of service by the United States Marshal.

The process forms provided by plaintiff to the United States Marshal for service indicate plaintiff served: the United States Department of Health and Human Service at "HHS; 200 Independence Avenue, S.W., Washington D.C., 20201" (doc. 42); the United States Food and Drug Administration at W032 Hub/Mail rm #5129 1093 New Hampshire Ave., Silverspring, MD 20993" (docs. 45, 47); and the United States Patent and Trademark Office at "Madison Building ... 600 Dulaney Street, Alexandria, Virginia 22314," and "26 South Fourth Street, San Jose, California 95113" (docs. 44, 46).

When serving the United States and its agencies a party must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought and send copies by registered or certified mail to the Attorney General of the United States at Washington, D.C., in addition to sending copies by registered or certified mail to the agency whose action the party is challenging. Fed. R. Civ. P. 4(i). Thus, the claims against the United States and its agencies are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(5). If a defendant is not served within 90 days after the complaint is filed, the court on its own motion after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time period. Fed. R. Civ. P. 4(m). The court may extend the time for service for good cause. Id. Accordingly, plaintiff is ordered to show cause in writing, within 14 days, why the complaint should not be dismissed against the federal defendants for failure to effect service.

<u>CONCLUSION</u>

Plaintiff failed to properly serve the remaining federal defendants in this action and is therefore ordered to show cause in writing within 14 days from the date of this Order, why the

complaint should not be dismissed for failure to serve the complaint within 90 days of its filing. Because the remaining defendants have not yet been served, plaintiff's motions for summary judgment (doc. 57) and default judgment (doc. 59) are denied without prejudice. Plaintiff is warned that a failure to respond to this Order will result in dismissal of this action.

DATED this 17th day of July, 2019.

_/s/ Jolie A. Russo_____
JOLIE A. RUSSO
United States Magistrate Judge